UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL MARICH,

        Petitioner,

  v.

E. ARNOLD,

        Respondent.

No. 2:15-cv-2420 CKD P

ORDER

      Petitioner is a California prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

      Petitioner requests leave to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

      Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has conducted that review.

      Petitioner challenges the fact that he was denied parole in 2014. Essentially, he alleges the evidence presented at his hearing is not sufficient to sustain a denial of parole. Petitioner has a liberty interest in parole protected by the Due Process Clause of the Fourteenth Amendment.

Swarthout v. Cooke, 562 U.S. 216, 219-20 (2011).  However, the procedural protections which must be afforded with respect to the liberty interest implicated are minimal; the "Constitution does not require more" than "an opportunity to be heard" at a parole hearing and that the potential parolee be "provided a statement of the reasons why parole was denied."  Id. at 220.  Petitioner has no liberty interest concerning the standard of proof necessary to sustain a denial of parole.[1]  Accordingly, petitioner's habeas petition will be summarily dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 6) is granted;

2. Petitioner's petition for writ of habeas corpus is summarily dismissed;

3. This case is closed; and

4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated:  March 1, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mari2420.dis

---

[1] To the extent petitioner argues his being denied parole in 2014 amounts to a violation of California law, his claim is not cognizable as only violation of federal law can provide a basis for federal habeas relief.  28 U.S.C. § 2254(a).